IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:13-CR-00214-M
Case No. 5:24-CV-00740-M

| | |
|---|---|
| OCTAVIOUS SHERROD WILKINS, | |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the court on Petitioner's Motions to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 [DE 94, 98] and the United States' Motion to Dismiss [DE

103]. For the reasons described herein, the United States' motion to dismiss is granted, and the §

2255 petitions are dismissed.

## I. Background and Procedural History

On July 10, 2014, Petitioner was sentenced to forty-six months of imprisonment for

possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). DE 55 at

2. The sentence was set to run consecutively to a state sentence imposed by the Edgecombe County

Superior Court in Case Number 13CR50921.[1] *Id.* As of this writing, Petitioner is projected to be

released on August 4, 2026. *See Find an Inmate*, Federal Bureau of Prisons,

https://www.bop.gov/inmateloc/ (last visited April 3, 2026).

---

[1] On June 2, 2014, Defendant was sentenced to 120 to 156 months of imprisonment for
Assault with a Deadly Weapon With Intent to Kill Inflicting Serious Injury. *See* DE 50 at ¶ 10.

On December 26, 2024, Petition moved to vacate his sentence pursuant to 28 U.S.C. § 2255. DE 94. Citing the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, he argued that his conviction under 18 U.S.C. § 922(g)(1) was unconstitutional. *See id.* at 1. On January 23, 2025, he filed a second petition advancing the same argument. *See* DE 98. On April 4, 2025, the United States filed a motion to dismiss. DE 104. It argued that Petitioner's petitions should be dismissed as untimely and, alternatively, that they failed to state a claim upon which relief could be granted. *See id.* at 5, 8.

After careful review of all submitted materials, the court finds that the record conclusively shows that Petitioner is not entitled to relief. Therefore, no hearing is necessary pursuant to § 2255(b). In this posture, all pending motions are ripe for review.

## II.    Legal Standards

"A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court 'to vacate, set aside, or correct his sentence' pursuant to 28 U.S.C. § 2255." *Umar v. United States*, 161 F.Supp.3d 366, 373 (E.D. Va. 2015) (quoting § 2255(a)). Such relief is appropriate if the court finds that

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). The petitioner has the burden "to establish by a preponderance of the evidence" the purported basis for relief. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such

2

proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than the typical civil context because the court may also consider the record from the petitioner's underlying conviction and any exhibits attached to the petition. *See id.* at 139; *McCollough v. Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

Considering all such materials in tandem, to survive a motion to dismiss, a § 2255 petition must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible when it contains factual content that "allows the court to draw the reasonable inference" that the petitioner is entitled to the relief requested. *Id.* at 664. In other words, the well-pleaded allegations must "be enough to raise a right to relief above a speculative level.," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 at 556. As such, a speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 194 (4th Cir. 2009) (recognizing that "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief") (cleaned up).

## III. Discussion

The United States argues that the petition should be dismissed as untimely. DE 104 at 5. "Normally, for a motion to be timely under § 2255(f), a petitioner must file for relief within one year of the date that his judgment of conviction becomes final." *United States v. Green*, 67 F.4th 657, 663 (4th Cir. 2023) (quoting *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017)). But when, as here, a petitioner's claim relies on a legal rule announced after the date of his conviction, the one-year statute of limitation begins to run "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

In this case, Petitioner argues that the Supreme Court's decision in *Bruen* renders his conviction unconstitutional. *See* DE 94 at 1. Even assuming that *Bruen* announced a new rule "made retroactively applicable," the pending petitions are untimely. *But see Young v. United States*, No. 2:24-00441, 2025 WL 1673847, at *3 (S.D. W. Va. Feb. 3, 2025) (collecting cases recognizing that "neither the Supreme Court nor the Fourth Circuit has held that *Bruen* applies retroactively to cases on collateral review"). The first § 2255 petition was filed on December 26, 2024, more than two years after *Bruen* was decided and nearly ten years after the judgment of Petitioner's conviction became final. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) (opinion issued June 23, 2022); DE 55 (judgment issued July 10, 2014). Therefore, the pending petitions are untimely under both § 2255(f)(1) and (f)(3).

Alternatively, the court finds that Petitioner has failed to state a claim upon which relief may be granted. Petitioner's central theory is that 18 U.S.C. § 922(g)(1) is unconstitutional following the Supreme Court's decision in *Bruen*. *See* DE 94 at 3 ("Petitioner argues and points [out] that it is unconstitutional for the [§] 922(g)91) statute to criminalize firearm possession by

4

felons for life based on their prior convictions[.]"); DE 106 at 1 ("I am entitled to relief because I am currently serving a federal sentence for the crime of 922(g)(1), which has been found to be unconstitutional."). That is incorrect. The Supreme Court did not, as Petitioner asserts, hold that § 922(g)(1) is unconstitutional; rather, in considering a New York state statute, it announced a new test by which Second Amendment challenges are to be considered. *See Bruen*, 597 U.S. at 17. Applying that test, the Fourth Circuit has held both that "Section 922(g)(1) is facially constitutional," *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024), and that convicted felons "cannot make out a successful as-applied challenge . . . unless the felony conviction is pardoned or the law defining the crime is found unconstitutional or otherwise unlawful." *United States v. Hunt*, 123 F.4th 697, 700 (4th Cir. 2024); *see also United States v. Holman*, -- F.4th --, 2026 WL 850185, at *2 (4th Cir. 2026) ("Let there now be no doubt: the rule announced in *Hunt* covers *all* as-applied challenges to § 922(g)(1)."). The crimes underlying Petitioner's present conviction have neither been pardoned nor otherwise found to be unconstitutional, so Petitioner may not a challenge his § 922(g)(1) conviction under the Second Amendment. *See Hunt*, 123 F.4th at 700. Petitioner's sole claim for relief is without merit, so his petitions fail to state a claim upon which relief may be granted.

## IV. Conclusion

For these reasons, the United States' Motion to Dismiss [DE 103] is GRANTED, and the Defendant's § 2255 petitions [DE 94, 98] are DISMISSED.

SO ORDERED this ____7th____ day of April, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE